(C.D. 3605)

E. DILLINGHAM, INC., ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 4, 1968)

*Sharretts, Paley, Carter & Blauvelt* for the plaintiffs.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

RICHARDSON, Judge: The protests enumerated in the schedule of protests annexed hereto and made a part hereof, were submitted to the court for decision upon a stipulation which reads:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States, subject to the approval of the Court, that the mer-

chandise marked "A" and initialed A.H.V. (Initials) by Commodity Specialist Arthur H. Vanderbeek (Commodity Specialist's Name) on the invoices accompanying the entries covered by the protests enumerated on the attached Schedule A, which was assessed for duty at the rate of 16 per centum ad valorem under the provisions of Item 692.60, TSUS, and which is claimed properly dutiable at the rate of 10 per centum ad valorem under the provisions of Item 678.50, TSUS, consists of articles invoiced as Rotary Sweepers which, while described by the provisions of Item 678.50, are not described by the provisions of Item 692.60, and of articles which are essential to the function of and solely or chiefly used as parts of said Rotary Sweepers.

IT IS FURTHER STIPULATED AND AGREED that the instant protests are submitted for decision upon this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Accepting this stipulation as evidence of the facts and upon the authority of the statute cited therein we hold that the claim in the protests herein that the items of merchandise marked "A" and initialed A.H.V. by Commodity Specialist Arthur H. Vanderbeek on the invoices covered by said protests are dutiable under the provisions of item 678.50 of the Tariff Schedules of the United States at the rate of 10 per centum ad valorem is sustained. As to all other claims and merchandise the protests, having been abandoned, are overruled.

Judgment will be entered accordingly.